## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Elaine G.,[1] | Case No. 2:24-cv-01264-BNW |
| Plaintiff, | |
| v. | **ORDER** |
| Martin O'Malley, | |
| Defendant. | |

On July 12, 2024, Plaintiff filed complaint against the Commissioner of Social Security. ECF No. 1. On September 10, 2024, the Commissioner filed the Certified Administrative Record ("CAR"). ECF No. 8. According to the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g), Plaintiff's brief was due within thirty days of the filing of the CAR, or October 10, 2024. Fed. R. Civ. P., Supp. R. for Soc. Sec. Actions, Rule 6. In early December, the Court issued an order for Plaintiff to show cause on or before December 16, 2024, as to why the Court should not dismiss this action for Plaintiff's failure to prosecute. ECF No. 10. Plaintiff has not responded to the order to show cause, has not filed her brief, and has not moved for an extension of time. As a result, the Court orders that this case be dismissed without prejudice and closed.

The law permits a district court to dismiss an action based on a party's failure to prosecute his case or comply with a court order. *See Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); s*ee also Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint). In determining whether to dismiss an action, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the

---

[1] In the interest of privacy, this opinion only uses the first name and last initial of the nongovernmental party.

1  risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their
2  merits; and (5) the availability of less drastic alternatives. *In re Phenylpropanolamine Prod. Liab.*
3  *Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128,
4  130 (9th Cir. 1987)).

5      The first two factors, the public's interest in expeditiously resolving this litigation and the
6  court's interest in managing its docket, weigh in favor of dismissal of Plaintiff's claims. The
7  third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a
8  presumption of injury arises from the occurrence of unreasonable delay in filing a pleading
9  ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th
10 Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—
11 weighs against dismissal.

12     The fifth factor requires the court to consider whether less drastic alternatives can be used
13 to correct the party's failure that brought about the court's need to consider dismissal. Courts
14 "need not exhaust every sanction short of dismissal before finally dismissing a case, but must
15 explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th
16 Cir. 1986). Because this action cannot proceed without Plaintiff's brief, the only alternative is to
17 enter a second order to show cause. Plaintiff has failed to appear or otherwise participate in
18 litigating this action since July of 2024, despite a court order to do so. The circumstances here do
19 not indicate that Plaintiff needs additional time nor is there evidence that she did not receive the
20 court's order. Setting another deadline is not a meaningful alternative given these circumstances.
21 So, the fifth factor favors dismissal.

22     In balance, the factors above favor a recommendation of dismissal. *See Hernandez v. City*
23 *of El Monte*, 138 F.3d 393 (9th Cir. 1998) (holdings dismissal is proper where least four factors
24 support dismissal or where at least three factors "strongly" support dismissal).

25 / /
26 / /
27 / /
28

1  **IT IS THEREFORE ORDERED that THIS ACTION IS DISMISSED** for failure to
2  prosecute and to comply with a court order.

4  DATED this 17th day of December 2024.

   _____
   BRENDA WEKSLER
   UNITED STATES MAGISTRATE JUDGE